IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Case No. 3:10CR170-1–HEH |
| | ) | |
| JACK ROSGA, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION
(Defendant's Motion for Disclosure of Exculpatory and Impeachment Evidence;
Motion in Limine to Preclude Admission of Co-conspirator Hearsay Statements;
and Motion in Limine to Preclude Admission of Recorded Statements)

The Defendant, Jack Rosga, was indicted on June 10, 2010, for Conspiracy to Violate the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d). The matter is presently before the Court on three pretrial motions: 1) Motion for Disclosure of Exculpatory and Impeachment Evidence, 2) Motion in Limine to Preclude Admission of Co-conspirator Hearsay Statements, and 3) Motion in Limine to Preclude Admission of Recorded Statements. Both the Defendant and the government have filed memoranda in support of their respective positions. With respect to those motions addressed in this memorandum opinion, the Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid in the decisional process.

In his Motion for Disclosure of Exculpatory and Impeachment Evidence, the Defendant delineates a host of generic categories of information and documents which could potentially be exculpatory. Motions seeking exculpatory, impeachment, and

mitigating evidence are self-executing. The Defendant's Motion puts the government on notice that certain materials and information that may be in their possession could be exculpatory and should be examined carefully. The Defendant's request is sufficient to draw the government's attention specifically to the materials requested. *United States v. Billups*, 692 F.2d 320, 325-26 (4th Cir. 1982). The government therefore has the burden to determine whether or not such information is disclosable under *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97 (1963). If, on careful review, the government determines that the information requested is material and favorable to the Defendant, it has a duty to disclose it in a timely manner.

In enforcing the disclosure requirements mandated by *Brady*, courts have divided exculpatory evidence into two categories—that demonstrating actual innocence and that which affects the weight, value, and credibility of the prosecution evidence. *United States v. Bagley*, 473 U.S. 667, 676, 105 S. Ct. 3375, 3380 (1985); *United States v. Beckford*, 962 F. Supp. 780, 788 (E.D. Va. 1997). The former should be disclosed promptly; the latter in time to be of use at trial, but not later than ten days before trial.

Turning next to the Defendant's Motion in Limine to Preclude Admission of Co-conspirator Hearsay Statements, the Defendant urges the Court to review any out-of-court statements of co-conspirators that the government intends to offer as evidence at trial before they are admitted. In order to minimize the prejudicial impact of such statements, the Defendant suggests that the Court make a determination as to their admissibility

before the statements are presented in trial to the jury. *See Bourjaily v. United States*, 483 U.S. 171, 175, 107 S. Ct. 2775, 2778-79 (1987) (setting forth the standard for admissibility of co-conspirator's declarations). In support of this Motion, the Defendant relies on *United States v. Gantt*, 617 F.2d 831, 845 (D.C. Cir. 1980).[1]

Judicial screening of co-conspirators' statements before being admitted into evidence during the government's case-in-chief appears to have its genesis in the Fifth Circuit decision in *United States v. James*, 590 F.2d 575 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917, 99 S. Ct. 2836 (1979). The Fourth Circuit has however rejected this formalistic requirement of a preliminary hearing to determine the existence of a conspiracy before statements can be admitted under Federal Rule of Evidence 801(d)(2)(E). *United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983). As the Fourth Circuit pointed out in *United States v. Blevins*, "[i]nstead, we allow a trial court to conditionally admit co-conspirators' statements subject to the subsequent satisfaction of the requirements for their admission." *United States v. Blevins*, 960 F.2d 1252, 1256 (4th Cir. 1992) (citing *Hines*, 717 F.2d at 1488). Moreover, we do not believe that a trial judge is required to set out on the record his reasons for making this evidentiary ruling . . . ." *Id.*

---

[1] The Defendant's reliance on *Gantt* appears to be misplaced. The D.C. Circuit did not adopt the rigid rule announced in the earlier panel decision in *United States v. James*, 590 F.2d 575 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917, 99 S. Ct. 2836 (1979). In *Gantt*, the Court embraced the widely accepted policy of vesting the trial court with discretion to conditionally admit declaration of co-conspirators "subject to connection." *Gantt*, 617 F.2d at 845.

3

This Court will follow the teachings of *Blevins* and allow co-conspirators' statements to be conditionally admitted subject to subsequent proof by the government that they were made "during the course of and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E).

Finally, the Defendant's Motion in Limine to Preclude Admission of Recorded Statements requests that certain comments made by the Defendant in recorded conversations be redacted as overly prejudicial. The Court will reserve judgment on this Motion pending oral argument on September 7, 2010 at 10:00 a.m.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Dated: Aug 20, 2010
Richmond, Virginia