**Instruction No. A**

<u>Presumption of Innocence, Burden of Proof, and Reasonable Doubt</u>

I instruct you that you must presume each defendant to be innocent of the crimes charged. Thus each defendant, although accused of the crimes in the indictment, begins the trial with a "clean slate"—with no evidence against him. The indictment, as you already know, is not evidence of any kind. Each defendant is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit a defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. A defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character

that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that a defendant has committed each and every element of the offense charged in the indictment; you must find that defendant not guilty of that offense.  If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt— the jury must, of course, adopt the conclusion of innocence.

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions Section 12.10</u>

**Instruction No. B**

<u>Credibility of Witnesses</u>

I remind you that it is your job to decide whether the government has proved the guilt of a defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses, *[including any defendant]*, who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of a defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

**Instruction No. C**

<u>Credibility of Witness-Informant</u>

The testimony of an informant, someone who provides evidence against someone else to escape punishment for his own misdeeds or crimes, or for other personal reason or advantage, must be examined and weighed by the jury with greater care than the testimony of a witness who is not so motivated.

The jury must determine whether the informer's testimony has been affected by self-interest, or by the agreement he has with the government, or his own interest in the outcome of the case, or by prejudice against the accused.

1A O'Malley, Grenig & Lee, Section 15.02

**Instruction No. D**

<u>Credibility of Witness – Drug or Alcohol Abuser</u>

The testimony of a drug or alcohol abuser must be examined and weighed by the jury with greater care than the testimony of a witness who does not abuse drugs or alcohol.

The jury must determine whether the testimony of the drug or alcohol abuser has been affected by drug or alcohol use or the need for drugs or alcohol.

1A O'Malley, Grenig & Lee, Section 15.05

**Instruction No. E**

<u>The Theory of the Defense</u>

Each defendant  has pleaded "Not Guilty" to each charge contained in the indictment against that individual defendant.  A defendant's plea of not guilty puts in issue each of the essential elements of each offense charged as described in these instructions and imposes on the government the burden of establishing each of these elements by proof beyond reasonable doubt.

Each defendant contends that he is not guilty of the crime charged because of the insufficiency of evidence presented by the government.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions Section 19.01</u>

**Instruction No. F**

<u>Credibility of Witness – Alleged Accomplice</u>

The testimony of an alleged accomplice, someone who said he participated in the commission of a crime, must be examined and weighed by the jury with greater care than the testimony of a witness who did not participate in the commission of that crime.

The fact that an alleged accomplice has entered or has agreed to enter a plea of guilty to the offense charged is not evidence of the guilt of any other person including the accused.

The jury must determine if the testimony of the accomplice has been affected by self-interest, or by an agreement he may have with the government, or by his own interest in the outcome of this case, or by prejudice against the accused.

1A O'Malley, Grenig & Lee, Section 15.04

**Instruction No. G**


<u>Impeachment by Prior Inconsistencies</u>


The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony of the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.


Pattern Crim. Jury Instr. 5th Cir. 1.10 (2001)

**Instruction No. H**

<u>RICO-Conspiracy Elements</u>
(18 U.S.C. 1962(d))

The defendants are charged in Count One of the indictment with the crime of Racketeering Conspiracy. The government has alleged that each defendant conspired to conduct the affairs of a criminal enterprise through a pattern of racketeering activities consisting of multiple criminal acts including travel in aid of racketeering enterprise, illegal gambling, extortion, murder, arson, kidnapping, robbery, and drug trafficking. The government further alleges that it was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of affairs of the enterprise. The Government must prove each of the following elements:

1. That the American Outlaws Association is a criminal enterprise; and

2. That the enterprise was engaged in, or its activities affected, interstate or foreign commerce; and

3. That the defendant was associated with the enterprise; and

4. That between June, 2005 until June, 2010, two or more persons reached an agreement to conduct or participate in the affairs of the enterprise, directly or indirectly, through a pattern of racketeering activities; and

5. That the defendant voluntarily and intentionally joined in the agreement or understanding with the specific intent to participate in the affairs of the criminal enterprise.

For you to find a defendant guilty of this crime the government must prove all of these elements beyond a reasonable doubt as to that individual defendant; otherwise your must find that defendant not guilty.

Adapted from Eighth Circuit Pattern Instruction 6218.1962(B)

**Instruction No. I**

<u>Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted</u>

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—all facts which may have been agreed to or stipulated; and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as stipulation of fact.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions Section 12.03</u>

**Instruction No. J**

Charts and Summaries--- Admitted

       Charts or summaries have been prepared by The Government, have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are also in evidence in the case. You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions Section 14.02

**Instruction No. K**

<u>Charts and Summaries---Not Admitted</u>

Charts or summaries have been prepared by The Government and shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, and other documents which are in evidence in the case.  Such charts or summaries are not evidence in this trial or proof of any fact.  If you find that these charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard the charts or summaries.

In other words, such charts or summaries are used only as a matter of convenience for you and to the extent that you find they are not, in truth, summaries of facts or figures shown by the evidence in the case, you can disregard them entirely.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions Section 14.02</u>

**Instruction No. L**


<u>Evidence Admitted For a Limited Purpose Only</u>


In certain instances evidence maybe admitted only concerning a particular defendant, or only for a particular purpose and not generally against all defendants, or for all purposes.

For the limited purpose for which any evidence has been received you may give it such weight as you feel it deserves.  You may not, however, use this evidence for any other purpose or against any defendant not specifically mentioned.


O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions Section 11.09</u>

**Instruction No. M**


<u>Typewritten Transcripts of Tape Recorded Conversations</u>


Tape recordings of conversations have been received in evidence and have been played for you. Typewritten transcripts of these tape recorded conversations have been furnished to you. These typewritten transcripts of the conversations are being given to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The tapes themselves are evidence in the case and the typewritten transcripts are not evidence. What you hear on the tapes is evidence. What you read on the transcript is not. If you perceive any variation between the two, you will be guided solely by the tapes and not by the transcripts.

If you cannot, for example, determine from the tape recording that particular words were spoken or if you cannot determine from the tape recording who said a particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.


O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions Section 11.10</u>

**Instruction No. N**

<u>Acts and Declarations of Co-Conspirators</u>

Evidence has been received in this case that certain persons, who are alleged in Count One of the indictment to be co-conspirators of the accused, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goals.

Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the charges in Count One of the indictment against the accused.

Since these acts may have been performed and these statements may have been made outside the presence of the accused and even done or said without the accused's knowledge, these acts or statements should be examined with particular care by you before considering them against the accused who did not do the particular act or make the particular statement.

2 O'Malley, Grenig & Lee, Section 31.06

**Instruction No. O**


<u>Multiple Defendants – Multiple Counts</u>


A separate crime is charged against one or more of the defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant.

**Instruction No. P**


<u>Jury's Recollection Controls</u>


If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.


O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions Section 12.07</u>

## 2.14. E**vidence** A**dmitted Against Only One Defendant**

As you know, there are four defendants on trial: Jack Rosga, William Davey, Mark Spradling, and Les Werth. Each defendant is entitled to have his case decided solely on the evidence which applies to him. Some of the evidence in this case is limited under the rules of evidence to one of the defendants, and cannot be considered against the others.

The [testimony] [exhibit about which] you [are about to hear] [just heard], (describe testimony or exhibit), can be considered only in the case against defendant (name). You must not consider that evidence when you are deciding if the [government] [prosecutor] has proved, beyond a reasonable doubt, its case against defendant[s] (name[s]).

**INSTRUCTION NO. B -5**

<u>Malicious Wounding and Lesser Included Offenses Combined Instruction</u>

Guilt Phase:

The defendant, William Davey, is charged with the crime of malicious wounding. The government must prove beyond a reasonable doubt each of the following elements of that crime:

**(1)** That the defendant wounded _____ (name of victim) and

**(2)** That such wounding was with intent to maim, disfigure, disable or kill_____ (name of person); and

**(3)** That the act was done with malice.

If you find from the evidence that the government has proved beyond a reasonable doubt each of the above elements of the offense as charged, then the defendant is guilty of malicious wounding.

If you find from the evidence that the government has proved beyond a reasonable doubt each of the first two elements of the offense as charged, but that the act was done unlawfully and not maliciously, then the defendant is guilty of unlawful wounding.

If you find that, the government has failed to prove beyond a reasonable doubt either malicious wounding or unlawful wounding but you do find beyond a reasonable doubt:

**(1)** That the defendant inflicted some bodily hurt on _____ (name of person); and

**(2)** That the act was done in an angry, rude or vengeful manner;

Then the defendant is guilty of assault and battery.

**Instruction No. C-5**

<u>Assault – Effect of Words</u>

Words alone can never amount to an assault of any kind.

**Instruction No. A-23**

Count III – USING/CARRYING A FIREARM DURING COMMISSION OF A CRIME
OF VIOLENCE

Title 18, United States Code, section 924 (c) (1), makes it a crime for anyone to
carry a firearm during and in relation to a crime of violence.

For you to find Mr. Werth guilty of this crime, you must be convinced that the
government has proven each of the following beyond a reasonable doubt:

FIRST:          That Mr. Werth committed the crime alleged in Count III in that on
or about March 14, 2009, the Outlaws did commit assault with a dangerous weapon
against certain members of the Desparados Motorcycle Club; and

SECOND:        That Mr. Werth knowingly carried a firearm during and in relation
to his alleged commission for the crime charged in Count III.

To prove Mr. Werth "used" a firearm in relation to a drug trafficking crime, the
government must prove that the defendant actively employed the firearm in the
furtherance of the commission of Count III, such as a use that is intended to or brings
about a change in the circumstances of the commission of Count III. " Active
employment" may include brandishing, displaying, referring to, bartering, striking with,
firing, or attempting to fire the firearm. Use is more than mere possession of a firearm or
having it available during a crime of violence.

1A. O'Malley, Grenig & Lee, Section 39.18

**Instruction No. B-23**


<u>COUNT 111 – VIOLENCE IN AID OF RACKETEERING</u>


The elements of Count III are explained in another instruction.

In order to convict Mr. Werth of Count III the government must prove beyond a reasonable doubt:

First:   Mr. Werth is guilty of Counts I and II of the indictment.

Second:       That on or about March 14, 2009, Mr. Werth and/or the others named in the Count III indictment did commit assault with a dangerous weapon against certain members of the Desparados Motorcycle Club.

**Instruction No. C-23**


Definition of In Furtherance


The term "To possess a firearm in furtherance" of the crime means that the

firearm helped forward, advance or promote the commission of the crime. The mere

possession of the firearm at the scene of the crime is not sufficient under this definition.

The firearm must have played some part in furthering the crime in order for an essential

element to have been satisfied.


*United States v. Sean Black,* United States District Court, Eastern District of Virginia,
Richmond Division, Case No. 3:06CR31 (Judge Payne); *United States v. Terrell
Randolph,* United States District Court, Eastern District of Virginia, Richmond Division,
Case No. 3:06CR42 (Judge Payne); *United States v. Joseph Harris,* United States District
Court, Eastern District of Virginia, Richmond Division, Case No. 3:06CR220 (Judge
Payne).