IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 3:10cr170 (HEH) |
| | ) | |
| v. | ) | |
| | ) | |
| JACK ROSGA, et al. | ) | Trial Date: December 1, 2010 |

**MOTION IN LIMINE OF THE UNITED STATES
CONCERNING CERTAIN EVIDENTIARY ISSUES**

The United States of America, by and through its attorneys, Neil H. MacBride, United States

Attorney for the Eastern District of Virginia, Dennis M. Fitzpatrick and Peter S. Duffey, Assistant

United States Attorneys, and Theryn G. Gibbons, Special Assistant United States Attorney, hereby

moves this Court to issue pre-trial rulings precluding the defense from admitting certain evidence:

1.    The Allman Tape and Other Inadmissible Evidence Pursuant to FRE 801(d)(2)(E)

In the first trial in this matter, the defense admitted an audio recording of co-defendant Joseph

Allman made during the course of this investigation.  This recording was admitted over the

government's objection.  The government renews its objection to the admission of this recording

because it falls outside the scope of FRE 801(d)(2)(E) and is otherwise hearsay.  Simply put, FRE

801(d)(2)(E) "applies only when the statement is offered *against a party* of the conspiracy," and "the

prosecution is not a 'party' against whom such testimony may be tendered."  *United States v. Abbas*,

74 F.3d 506, 511 (4th Cir. 1996) (citing *United States v. Kapp*, 781 F.2d 1008, 1014 (3rd Cir. 1986)).

*See also United States v. Maliszewski*, 161 F.3d 992, 1011 (6th Cir. 1998) (excluding co-conspirator

statements offered by defendant because the government, the party against whom the statements

were offered, was clearly not a member of the conspiracy).  In *Kapp*, the Court resolved the issue succinctly:

> "There is no authority for the proposition that the prosecution is a "party" against whom such evidence can be offered.  The rule is intended to allow for introduction of co-conspirators' statements as evidence against them as defendants.  It cannot be stretched to encompass [the defendant's] interpretation."

*Kapp* 781 F.2d at 1014.

Accordingly, the government respectfully requests that the Court exclude any co-conspirator statements offered by the defense on their own behalf, including, but not limited to the Allman tape previously admitted, as such statements clearly fall outside the scope of FRE 801(d)(2)(E) and constitute inadmissible hearsay.

2.    <u>Cost of the Investigation</u>.

In a letter delivered to the United States, Counsel for Mr. Rosga has requested information concerning the costs of the investigation conducted by the federal law enforcement in this matter. Counsel has expressed that they would like to introduce "investigation cost" evidence at the trial commencing on December 1, 2010.  This evidence should excluded because it serves no purpose in this trial: it has zero probative value, and it is precluded by FRE 403 because it is unfairly prejudicial, and it serves to confuse or mislead the jury.  Further, it will serve to distract the jury, and the parties to this case, by devolving into a semantic argument of who is ultimately responsible for the costs of the investigation, i.e., if the defendant had not committed the crimes then the costs to the government would have been zero.  This is simply a collateral issue that neither side should explore in this trial.  As noted, the issue will be distracting and a colossal waste of time.  Courts routinely counsel against conducting "trials within trials."  *See e.g., United States v. Delfino*, 510

- 2 -

F.3d 468, 470 (4th Cir. 2007); *United States v. Hill*, 322 F.3d 301, 308 (4th Cir. 2003, J. Traxler concurring).

The defense will argue that the cost evidence is probative because the cost of the investigation somehow motivated the agents and the government to charge some or all of the defendants. There is simply no basis for this line of questioning. The assertion is without factual support, and wholly lacks credibility. Rule 403 is available to keep out evidence that would unfairly attack the government. *United States v. Zizzo*, 120 F.3d 1338, 1352. (7th cir. 1997). Rule 402 can be used to exclude an improper defense in a criminal case. For example, the proffered defense must be a defense to the charges brought. *United Sates v. Zang*, 703 F.2d 1186, 1195 (10th Cir). Evidence is not admissible to create sympathy on the part of the jury. *United States v. Paccione*, 949 F.2d 1183, 1201 (2d Cir 1991). Further, if the defense argues the costs of the investigation, this evidence unquestionably opens the door for the government to introduce the number of defendants who have pled guilty to offenses in this investigation.

The costs associated with this investigation are not relevant and any evidence and argument on this issue should be excluded.

Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY


By: _____/s/_____
Dennis M. Fitzpatrick
Virginia Bar No.: 44858
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue

Alexandria, Virginia 22314
Phone:  703-299-3954
Fax: 703-299-3981
Email Address: dennis.fitzpatrick@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of November, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

_____/s/_____
Dennis M. Fitzpatrick
Virginia Bar No.: 44858
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:  703-299-3726
Fax: 703-299-3981
Email Address: dennis.fitzpatrick@usdoj.gov