UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES AMERICA ) | |
| ) | |
| v. ) | Case No. 3:10CR170 |
| ) | |
| JACK ROSGA, ) | |
| Defendant. ) | |

### DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S POSITION ON SENTENCING

COMES NOW the defendant, Jack Rosga, by and through counsel, Claire G. Cardwell and Craig Mastantuono, and respectfully replies to the following issues raised by the United States in its Response to the Defendant's Position on Sentencing:

**1. The Attempted Murder Guideline Under U.S.S.G. §2A2.1(a)(1)**

The government's argument that the sentencing enhancement does not drive the substantive offense should not persuade this Court. Although the government concedes that the statutory maximum allowable sentence is below the guideline range with the murder cross reference, an increase from a guideline range of 78 – 97 months up to 23 years is more than substantial. This guideline range is calculated using an offense level of 28. Although the government characterizes this as an "arbitrary" selection on page 6 of their response, it is calculated by eliminating the murder cross reference (Counts 1(a) and 2) and the Minnieska events (Counts 1(d) and 1(g)) for the reasons outlined in Mr. Rosga's Position on Sentencing. This leaves an adjusted offense level of 27 from Count numbers 1(c) and 1(f) with a one level increase for the additional grouped counts yielding a combined adjusted offense level of 28 to be used at sentencing. (*See* PSR Worksheet B). In fact, Mr. Rosga continues in his argument that it

1

is the kind of increase that is so dramatic that this Court should adopt a clear and convincing standard of proof when considering it. *See United States v. Perry*, 560 F.3d 246, 259 (4th Cir. 2009).

### 2. Unwarranted Disparities

In the government's one paragraph response as to Mr. Rosga's disparity argument relating to Michael Pedini, it contends that such an argument is "not available to the defendant." In support of this, the government cites *United States v. Labonte*, 520 U.S. 751 (1997) and various Fourth Circuit cases, arguing that "sentencing disparities arising from the exercise of prosecutorial discretion does not create 'unwarranted' disparities."

The government's reliance on *Labonte* and similar Fourth circuit opinions is inapposite. Although the law cited is correct, it is not on point. Mr. Rosga's argument relates to the court's discretion in making the ultimate determination of his sentence, not to the government's exercise of discretion in recommending a sentence reduction for cooperating defendant such as Pedini. All of the cases cited by the government involve a disparity challenge based upon a prosecutor's election to file an information under 21 U.S.C. § 851(a)(1) in order to establish prior convictions of a defendant. As this Court well knows, such a filing invokes a mandatory minimum sentence. The defendant in *Labonte* argued that if a prosecutor filed an information on one defendant but not another, it would create "unwarranted disparity." *Labonte*, 520 U.S. at 761-62. Mr. Rosga does not argue that sentencing him far above Mr. Pedini would result in a disparity caused by prosecutorial discretion; rather he argues that if the Court imposes a sentence far above Pedini's pre- 5K sentence, that would be an unwarranted sentencing disparity.

This Court will make the ultimate decision as to what sentence will be imposed in Mr. Rosga's case. When making this decision, the Court must consider all the factors in § 3553(a)

2

including § 3553(a)(6) which is the "need to avoid unwarranted sentence disparities." As argued in his Position on Sentencing, Mr. Rosga respectfully submits that this Court should consider Pedini's sentence, before any reduction was given, to avoid an unwarranted disparity.

In response to the government's argument that this Court should not be persuaded by a comparison to Les Werth, Mr. Rosga submits that the similarities outlined in his Position on Sentencing drastically outweigh the differences. The government has repeatedly argued that the declaration of war against Hell's Angels came down from the "Big Table." The agents testified that the "Big Table" was composed of all of the Regional bosses as well as Mr. Rosga. Mr. Werth was the Copper Region President and as such, a member of that "Big Table." The government's contention that Mr. Werth was so far removed in importance or responsibility from Mr. Rosga is simply not supported by its own evidence.

Additionally, it is truly fascinating that the government submits in its reply that the failure of Mr. Werth's jury to find him responsible for acts of extortion is persuasive on this point. Once again the government attempts to change the rules when it comes to Mr. Rosga. Having argued extensively that failure of a jury to find an overt act is of no import on the cross reference issue, the government now seeks to imply that it is meaningful to distinguish Mr. Werth's culpability from Mr. Rosga's.

## Conclusion

WHEREFORE, given all of the information outlined in his Sentencing Memorandum and in this Reply, Mr. Rosga requests that the Court refrain from applying the cross reference for attempted murder and grant him a downward variance from the suggested guideline range to a level 28, Criminal History Category I, yielding a sentence of 78-97 months.

Respectfully submitted,

| _____/s/_____ | _____/s/_____ |
|---|---|
| Claire Cardwell | Craig Mastantuono |
| Attorney for Defendant | Attorney for Defendant |
| Virginia State Bar No. 23812 | Wisconsin State Bar No. 1020125 |
| Stone, Cardwell & Dinkin, PLC | Mastantuono Law Office, S.C. |
| 101 Shockoe Slip, Suite K | 817 North Marshall Street |
| Richmond, Virginia 23219 | Milwaukee, Wisconsin 53202 |
| Phone (804) 359-0000 | Phone (414) 276-8662 |
| Fax (804) 257-5555 | Fax (414) 276-8661 |
| claire@stonecardwell.com | cmast@mastantuono-law.com |

CERTIFICATE OF SERVICE

      I hereby certify that on the 7th day of April, 2011, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to Peter S. Duffy, Assistant United States Attorney, Dennis M. Fitzpatrick, Assistant United States Attorney, and all other counsel of record.

                        /s/_____
Claire Cardwell
Attorney for Defendant
Virginia State Bar No. 23812
Stone, Cardwell & Dinkin, PLC
101 Shockoe Slip, Suite K
Richmond, Virginia 23219
Phone (804) 359-0000
Fax (804) 257-5555
claire@stonecardwell.com