IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA                )
                                         )
                                         )
           v.                            )    **Criminal No. 3:10CR170-001**
                                         )
JACK ROSGA, et al.,                      )    The Honorable Henry E. Hudson
                                         )
           *Defendants.*                 )
                                         )
                                         )
IN RE: THIRD PARTY CLAIMS BY:            )
                                         )
KEVIN O'NEILL,                           )
                                         )
STEVE KACZMAREK,                         )
                                         )
LAWRENCE BARBOZA, and                    )
                                         )
PETER GROSS.                             )
                                         )

## GOVERNMENT'S MOTION TO STRIKE O'NEILL'S OMNIBUS VERIFIED PETITION TO AMEND CONSENT ORDERS OF FORFEITURE

COMES now the United States, by its counsel, and submits the following response to the

petition (Document 954) filed by Kevin O'Neill (Petitioner) on October 31, 2011 to amend the

Consent Order of Forfeiture entered on November 3, 2010 (Document 563) as to defendant,

Leslie Werth; the Consent Order of Forfeiture entered on November 24, 2010 (Document 607) as

to defendant, John Banthem; the Second Consent Order of Forfeiture entered on December 20,

2010 (Document 705) as to defendant, David Lowry; the Consent Order of Forfeiture entered on

December 22, 2010 (Document 717) as to defendant, Michael Smith; the Consent Order of

Forfeiture entered on January 14, 2010 (Document 749) as to defendant, Thomas Benvie; the

Consent Order of Forfeiture entered on January 18, 2011 (Document 751) as to defendant, Mark Steven Fiel; the Second Consent Order of Forfeiture entered on January 25, 2011 (Document 762) as to defendant, Brett Longendyke; the Second Consent Order of Forfeiture entered on February 23, 2011 (Document 782) as to defendant, Michael Marcia; the Consent Order of Forfeiture entered on April 8, 2011 (Document 829) as to defendant, Christopher Timbers; and the Consent Order of Forfeiture entered on April 8, 2011 (Document 833) as to defendant, Mark Jason Fiel.

The Petitioner seeks the return of all indicia of the American Outlaws Association (AOA) and Outlaws Motorcycle Club (OMC), seized in connection with this case. As in this petition and previous filings made by the Petitioner, he does not allege that any of the items were seized from him or that he owns any of the property. Accordingly, the United States incorporates by reference its response to O'Neill's Motion for Return of Property (Document 850) and Response to O'Neill's Motion to Amend the Consent Order of Forfeiture as to Defendant Jack Rosga (Document 960). This Court has previously rejected O'Neill's collective ownership argument (Document 890), and that decision was affirmed on appeal. (Documents 957 and 958).

In addition to the substantive failure of O'Neill's "Omnibus Petition," the document was filed on October 31, 2011, after the time for filing claims had expired as to the above-described consent orders of forfeiture. Accordingly, the "Omnibus Petition" is out of time and should be stricken.

## **RELEVANT FACTS**

On November 3, 2010, this Court entered a Consent Order of Forfeiture as to defendant, Leslie Werth. (Document 563). Notice of the aforementioned forfeiture was published on an

2

official government internet site (www.forfeiture.gov) for a period of 30 days, beginning on May 13, 2011.  The deadline for filing ancillary claims was therefore July 12, 2011.   On July 25, 2011, the United States filed a Notice of Publication.  (Document 987).

On November 24, 2010, this Court entered a Consent Order of Forfeiture as to defendant, John Banthem.  (Document 607).   Notice of the aforementioned forfeiture was published on an official government internet site (www.forfeiture.gov) for a period of 30 days, beginning on May 13, 2011.  The deadline for filing ancillary claims was therefore July 12, 2011. On September 19, 2011, the United States filed a Notice of Publication and Finality of Consent Order of Forfeiture. (Document 931).

On December 20, 2010, this Court entered a Second Consent Order of Forfeiture as to the defendant, David Lowry.  (Document 705).   Notice of the aforementioned forfeiture was published on an official government internet site (www.forfeiture.gov) for a period of 30 days, beginning on May 13, 2011.  The deadline for filing ancillary claims was therefore July 12, 2011. On August 22, 2011, the United States filed a Notice of Publication and Finality of Consent Order of Forfeiture.  (Document 913).

On December 22, 2010, this Court entered a Consent Order of Forfeiture as to defendant, Michael Smith.  (Document 717).  Notice of the aforementioned forfeiture was published on an official government internet site (www.forfeiture.gov) for a period of 30 days, beginning on May 13, 2011.  The deadline for filing ancillary claims was therefore July 12, 2011. On August 22, 2011, the United States filed a Notice of Publication and Finality of Consent Order of Forfeiture. (Document 915).

On January 14, 2010, this Court entered a Consent Order of Forfeiture as to defendant, Thomas Benvie.  (Document 749).  Notice of the aforementioned forfeiture was published on an official government internet site (www.forfeiture.gov) for a period of 30 days, beginning on May 13, 2011.  The deadline for filing ancillary claims was therefore July 12, 2011.  On August 22, 2011, the United States filed a Notice of Publication and Finality of Consent Order of Forfeiture. (Document 911).

On January 18, 2011, this Court entered a Consent Order of Forfeiture as to defendant, Mark Steven Fiel.  (Document 751).  Notice of the aforementioned forfeiture was published on an official government internet site (www.forfeiture.gov) for a period of 30 days, beginning on May 13, 2011.  The deadline for filing ancillary claims was therefore July 12, 2011.  On July 25, 2011, the United States filed a Notice of Publication.  (Document 898).

On January 25, 2011, this Court entered a Consent Order of Forfeiture as to defendant, Brett Longendyke.  (Document 762).  Notice of the aforementioned forfeiture was published on an official government internet site (www.forfeiture.gov) for a period of 30 days, beginning on May 13, 2011.  The deadline for filing ancillary claims was therefore July 12, 2011. On August 22, 2011, the United States filed a Notice of Publication and Finality of Consent Order of Forfeiture.  (Document 914).

On February 23, 2011, this Court entered a Second Consent Order of Forfeiture as to defendant, Michael Mariaca.  (Document 782).  Notice of the aforementioned forfeiture was published on an official government internet site (www.forfeiture.gov) for a period of 30 days, beginning on May 13, 2011.  The deadline for filing ancillary claims was therefore July 12, 2011. On July 25, 2011, the United States filed a Notice of Publication and Finality of Consent

4

Order of Forfeiture.  (Document 896).

On April 8, 2011, this Court entered a Consent Order of Forfeiture as to defendant, Christopher Timbers.  (Document 829).  Notice of the aforementioned forfeiture was published on an official government internet site (www.forfeiture.gov) for a period of 30 days, beginning on July 26, 2011.  The deadline for filing ancillary claims was therefore September 24, 2011. On September 6, 2011, the United States filed a Notice of Publication.  (Document 926).

On April 8, 2011, this Court entered a Consent Order of Forfeiture as to defendant, Mark Jason Fiel.  (Document 833).  Notice of the aforementioned forfeiture was published on an official government internet site (www.forfeiture.gov) for a period of 30 days, beginning on July 26, 2011.  The deadline for filing ancillary claims was therefore September 24, 2011.  On August 22, 2011, the United States filed a Notice of Publication and Finality of Consent Order of Forfeiture.  (Document 917).

## LEGAL ARGUMENT

Pursuant to 21 U.S.C. § 853(n)(2), ancillary claims must be filed within 30 days of the last date of publication of notice, or the receipt of actual notice, whichever is earlier.  See United States v. Puig, 419 F.3d 700 (8th Cir. 2005) (if claimant was entitled to direct notice, Government failed to send such notice, but claimant had actual notice, 30 days runs not from last date of publication, but from time claimant had actual notice).[1]  The instant petition was not filed until

_____

[1] As previously set out in Document 960, pp. 4-5, Section 1963(l)(1) of Title 18, United States Code, provides that following entry of an order of forfeiture, the United States shall publish notice of the order and its intent to dispose of the property in such manner as the Attorney General may direct.  The statute also provides that "the Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property . . . as a substitute for published notice as to these persons so notified."  Fed. R. Crim. P. 32.2(b)(6) also speaks to notice and publication.  That provision of the Rule provides

October 31, 2011, over 60 days after the time for filing a claim expired as to most of the

defendants, and over 30 days after the time expired for orders entered with respect to Defendants

Timbers and Mark Jason Fiel.  Accordingly, any claims the Petitioner may have had to the

property which was the subject of the forfeiture orders at issue are out of time and as such should

be stricken.  See, e.g., United States v. Muckle, 709 F. Supp.2d 1371, 1372 (M.D. Ga. 2010)

(dismissal of a claim filed 22 days late is mandatory; "the court cannot recognize an untimely

claim"); United States v. BCCI Holdings (Luxembourg) S.A. (Petition of Bank of California

International), 980 F. Supp. 522, 528 (D.D.C. 1997) (claim filed more than 30 days after notice

is untimely).

## **CONCLUSION**

The Court has sufficient, undisputed facts before it to conclude that the Petitioner is not

entitled to any relief pursuant to 18 U.S.C. § 1963(l) and Fed. R. Crim. P. 32.2 because he is past

the deadline for filing a petition, and consistent with this Court's prior ruling, O'Neill did not

"allege any facts indicative of dominion and control" and "bare assertion of collective ownership

is insufficient to confer standing in this case."  (Document 890, p. 3).

WHEREFORE, the United States respectfully requests that the petition filed by the

Petitioner, Kevin O'Neill, be STRICKEN.

---

that the United States must publish notice of the forfeiture order and send notice to any person
who reasonably appears to be a potential claimant ***with standing to contest the forfeiture*** in the
ancillary proceeding.  Fed. R. Crim. P.32.2(b)(6)(A) (Emphasis added).  O'Neill never had
standing to contest the forfeiture, and that position was confirmed by this Court's prior ruling
dismissing his Rule 41(g) motion for lack of standing.  See Document 890, dated June 27, 2011.
Accordingly, O'Neill was not entitled to direct notice of the forfeiture orders in this case.

Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY


_____/s/_____
G. Wingate Grant (VSB 18643)
Assistant United States Attorney
United States Attorney's Office
600 East Main Street, Suite 1800
Richmond, Virginia 23219
Phone: 804/819-5400
Fax: 804/771-2316
Email: wingate.grant@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 24, 2012, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will then send a notification of such filing

(NEF) to all counsel of record.

I further certify that a copy of the foregoing document was sent by first class mail on

February 24, 2012, to the following:

> Steve Kaczmarek
> 1939 S. 2nd Street
> Milwaukee, Wisconsin 53204
>
> Kevin O'Neill
> Federal Register No. 00322-748
> U.S. Penitentiary- Hazelton
> Post Office Box 2000
> Bruceton Mills, West Virginia 26525
>
> Peter Gross
> S 105 W39708 County Road, NN
> Eagle, Wisconsin 53119
>
> Lawrence Barboza
> 9 Hunt Street
> Brockton, Massachusetts 02303

>         _____/s/_____
> G. Wingate Grant (VSB 18643)
> Assistant United States Attorney
> United States Attorney's Office
> 600 East Main Street, Suite 1800
> Richmond, Virginia 23219
> Phone: 804/819-5400
> Fax: 804/771-2316
> Email: wingate.grant@usdoj.gov