**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    Criminal Case No. 3:10-cr-170-HEH-1 |
| | ) |
| JACK ROSGA, | ) |
| | ) |
|      Defendant. | ) |

**<u>ORDER</u>**
**(Denying 821 Reduction)**

THIS MATTER is before the Court on Defendant's Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(2) (the "Motion for Sentence Reduction," ECF

No. 1226) filed on May 20, 2024, by Jack Rosga ("Defendant"). For the following

reasons, the Court denies Defendant's Motion for Sentence Reduction (ECF No. 1226).

Following a jury trial, Defendant was found guilty on December 21, 2010, of one

count of Conspiracy to Violate R.I.C.O. in violation of 18 U.S.C. § 1962(d) and one

count of Conspiracy to Commit Violence in aid of Racketeering in violation of 18 U.S.C.

§ 1959(a)(6). (ECF No. 711.) On April 8, 2011, Defendant was sentenced to 240 months

of imprisonment. (ECF No. 822.)

On November 1, 2023, Amendment 821 of the United States Sentencing

Guidelines became effective. Amendment 821 provides for a reduction of two (2) points

to the calculation of "status points" for defendants who were under any criminal justice

sentence, including probation, parole, or supervised release at the time of the underlying

offense. Amendment 821 also provides for a decrease of two (2) offense levels for

individuals with zero (0) criminal history points and whose offense did not involve specific aggravating factors. This Amendment was made retroactive by the Sentencing Commission.

Defendant claims that he is eligible for a sentence reduction because he did not receive any criminal history points. (Mot. for Sentence Reduction at 1.) Nonetheless, the U.S. Probation Office has determined that Defendant's sentence is unaffected by Amendment 821. (ECF No. 1228.) Specifically, pursuant to U.S.S.G. §§ 4C1.1(a)(3), (4) and (10), a defendant is not eligible for a two-level reduction due to Amendment 821 if 1) the defendant employed violence in the course of his crimes, 2) the offense resulted in death or serious bodily injury, or 3) the defendant received an adjustment pursuant to U.S.S.G. § 3B1.1 as a result of the defendant possessing an aggravating role in the course of his crimes. (*Id.*) The Presentence Report adopted by the Court at sentencing in this case reflects that Defendant meets each of these criteria outlined in U.S.S.G. §§ 4C1.1(a)(3), (4) and (10). (*Id.*) As a result, Amendment 821 does not affect the guidelines calculations in Defendant's case.

Because the Court can only reduce a defendant's sentence if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual," the Court finds Defendant ineligible for an adjustment of his sentence. *See* U.S.S.G. § 1B1.10(a)(1). Therefore, Defendant's guideline imprisonment range remains unchanged.

Accordingly, the Court DENIES Defendant's Motion for Sentence Reduction (ECF No. 1226).

The Clerk is directed to send a copy of this Order to all counsel of record and personally to Defendant.

It is so ORDERED.

_____ /s/

Henry E. Hudson
Senior United States District Judge

Date: February 2, 2026
Richmond, Virginia

3